J-S79039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES KELLEY SAPPINGTON | : | |
| | : | |
| Appellant | : | No. 1622 EDA 2017 |

Appeal from the Judgment of Sentence April 18, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001932-2010

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED DECEMBER 19, 2017**

Appellant, James Kelley Sappington, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following revocation of his probation.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On May 27, 2010, Appellant entered a negotiated guilty plea to five counts of child pornography, and one count each of dissemination of child pornography and criminal use of a communication facility.[1]  The court sentenced Appellant on September 9, 2010, to an aggregate term of twelve (12) to twenty-four (24) months' imprisonment for the child pornography

_____

[1] 18 Pa.C.S.A. §§ 6312(d); 6312(c); 7512(a), respectively.

and dissemination convictions, plus five (5) years' probation for the criminal use of a communication facility conviction. Appellant subsequently violated his probation. Following a violation of probation ("VOP") hearing, the court revoked Appellant's probation, and resentenced him on November 20, 2012, to nine (9) to twenty-four (24) months' imprisonment, plus three (3) years' probation, for the criminal use of a communication facility conviction.

On March 28, 2017, the court held another VOP hearing based on allegations that Appellant had been in contact with minors, in violation of his probation. Specifically, Appellant's probation officer learned Appellant had been having dinner at his parents' house once a week for a period of four or five months when his minor siblings were present, without approval from Appellant's probation officer. The court revoked Appellant's probation on this ground. The court resentenced Appellant on April 18, 2017, to nine (9) to twenty-three (23) months' imprisonment, plus two (2) years' probation. Appellant did not file a post-sentence motion. Appellant timely filed a notice of appeal on May 4, 2017. On May 25, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel subsequently filed a statement of intent to file an **Anders**[2] brief pursuant to Pa.R.A.P. 1925(c)(4).

As a preliminary matter, appellate counsel seeks to withdraw his

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287 (Pa.Super. 2007).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that

---

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360.  Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition to withdraw representation. The petition states counsel fully reviewed the record and concluded the appeal would be wholly frivolous.  Counsel indicates he notified Appellant of the withdrawal request.  Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to raise any points Appellant believes have merit. (***See*** Letter to Appellant, dated October 3, 2017, at 1).  In his ***Anders*** brief, counsel provides a summary of the procedural history of the case.  Counsel refers to evidence in the record that may arguably support the issue raised on appeal, and he provides citations to relevant law.  The brief also provides counsel's reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.  ***See Wrecks, supra***.

As Appellant has filed neither a *pro se* brief nor a counseled brief with

new privately-retained counsel, we review this appeal based on the issue raised in the **Anders** brief:

> THE TRIAL COURT ERRED IN IMPOSING A SENTENCE OF INCARCERATION ON [APPELLANT] FOR A NON-VIOLENT, NON-HARMFUL VIOLATION OF HIS PROBATION FOR A NON-VIOLENT OFFENSE.

(**Anders** Brief at 3).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). "In general, the imposition of a sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." **Commonwealth v. Hoover**, 909 A.2d 321, 322 (Pa.Super. 2006).

Appellant argues the court's sentence was "inappropriately severe" given the nature of Appellant's probation violation. Appellant asserts that nothing in the record indicates Appellant had any sexual activity, physical contact or interaction whatsoever with a minor, in connection with his violation. Appellant claims the court could have imposed a more lenient sentence. Appellant admits he violated his probation but insists the violation is unrelated to his original child pornography offenses. As presented, Appellant's issue challenges the discretionary aspects of his sentence. **See Commonwealth v. Crump**, 995 A.2d 1280 (Pa.Super. 2010), *appeal*

*denied*, 608 Pa. 661, 13 A.3d 475 (2010) (explaining claim that court erred by imposing sentence of total confinement for technical violations of probation presents challenge to court's sentencing discretion); ***Commonwealth v. Lutes***, 793 A.2d 949 (Pa.Super. 2002) (explaining claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal[;] (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence[;] (3) whether appellant's brief has a fatal defect[;] and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. ***Commonwealth v. Hartman***, 908 A.2d 316 (Pa.Super. 2006). ***See also*** Pa.R.Crim.P. 708(E) (stating motion to modify sentence imposed after revocation shall be filed within 10 days of date of imposition).

Instantly, the court re-sentenced Appellant for his criminal use of a

communication facility conviction on April 18, 2017. At the conclusion of the re-sentencing proceeding, the court informed Appellant of his post-sentence and appellate rights. Appellant made no objection to the discretionary aspects of his sentence at the sentencing proceeding and did not file a post-sentence motion.[4] Thus, Appellant's sentencing challenge is waived.[5] *See* Pa.R.Crim.P. 708(E); *Hartman, supra*. Following our independent examination of the record, we conclude the appeal is frivolous and affirm the

_____

[4] Appellant's brief also fails to include the requisite concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Nevertheless, the Commonwealth did not object to this deficiency and due to appellate counsel's filing of an *Anders* brief, we can overlook this defect. *See Commonwealth v. Kiesel*, 854 A.2d 530 (Pa.Super. 2004) (explaining this Court may ignore appellant's omission of Rule 2119(f) statement where appellee does not object to appellant's non-compliance). *See also Commonwealth v. Lilley*, 978 A.2d 995 (Pa.Super. 2009) (addressing discretionary aspects of sentencing claims in *Anders* brief despite counsel's non-compliance with Rule 2119(f)).

[5] Moreover, even if Appellant had preserved his issue on appeal, it would merit no relief. Appellant's probation officer stated at the re-sentencing hearing that Appellant had had contact with minors every weekend for four or five months, without approval, even though Appellant was in treatment and knew he was prohibited from contact with minors. Appellant could have asked for supervised contact with his family members, but Appellant simply chose not to do so. Appellant's unsupervised and unauthorized visits with his family, where his minor siblings were present, posed a risk to Appellant's family. Appellant's probation officer learned of Appellant's probation violation because one of Appellant's siblings reported it to a school counselor. (*See* N.T. Re-sentencing Hearing, 4/18/17, at 5-8.) The Commonwealth agreed with Appellant's probation officer's sentence recommendation of nine (9) to twenty-three (23) months' imprisonment (with parole upon completion of a sex offenders' treatment program), plus two (2) years' probation, and the court imposed the recommended sentence. We see no reason to disrupt the court's decision. *See Hoover, supra*.

revocation sentence; we grant counsel's petition to withdraw.[6]

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2017

---

[6] The docket entries mistakenly list each of Appellant's initial child pornography sentences, imposed on September 9, 2010, as **years** of imprisonment. The court sentenced Appellant on each of these offenses to **months** of imprisonment. We direct the Clerk of Courts to fix this docketing error.